# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA | : **CRIMINAL COMPLAINT** |
| v. | : Honorable Zahid N. Quraishi |
| DAVON HARLEY | : Mag. No. 20-14011 (ZNQ) |

I, Renee Repasky, being duly sworn, state the following is true and correct to the best of my knowledge and belief:

**SEE ATTACHMENT A**

I further state that I am a Special Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives, and that this Complaint is based on the following facts:

**SEE ATTACHMENT B**

continued on the attached pages and made a part hereof.

                                                      s/Renee Repasky
                                      Renee Repasky, Special Agent
                                      Bureau of Alcohol, Tobacco, Firearms
                                      and Explosives

Attested to by telephone pursuant to
Fed. R. Crim. P. 4.1(b)(2)(A) on May 1, 2020,
in the District of New Jersey

HONORABLE ZAHID N. QURAISHI
UNITED STATES MAGISTRATE JUDGE     Signature of Judicial Officer

## **ATTACHMENT A**

### Count One

On or about February 8, 2020, in Monmouth County, in the District of New Jersey and elsewhere, the defendant,

**DAVON HARLEY**,

knowing that he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, knowingly possessed a firearm, namely, a Glock 26 9mm pistol, serial number LHF227, and the firearm was in and affecting commerce.

In violation of Title 18, United States Code, Section 922(g)(1).

Count Two

On or about February 8, 2020, in Monmouth County, in the District of New Jersey and elsewhere, the defendant,

**DAVON HARLEY**,

knowingly possessed a machinegun, namely, a Glock 26 9mm pistol, serial number LHF227, altered to shoot automatically more than one shot, without manual reloading, by a single function of the trigger.

In violation of Title 18, United States Code, Section 922(o)(1).

**ATTACHMENT B**

I, Renee Repasky, am a Special Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives. I am fully familiar with the facts set forth herein based on my own investigation, my conversations with other law enforcement officers, and my review of reports, documents and other items of evidence. Where statements of others are related herein, they are related in substance and in part. Because this complaint is being submitted for a limited purpose, I have not set forth each and every fact that I know concerning this investigation. Where I assert that an event took place on a particular date, I am asserting that it took place on or about the date alleged.

1. On February 3, 2020, Neptune City Police Officer Alexander Parisi observed a YouTube rap music video in which defendant DAVON HARLEY brandished what appeared to be a submachinegun. As a result, Officer Parisi issued a message to surrounding law enforcement agencies warning that HARLEY may be armed and dangerous.

2. On February 8, 2020, Officer Parisi was on patrol in the area of a local apartment complex. He observed a male ("Individual 1") standing in the road yelling at two other men who were on the property of the apartment complex. Individual 1 was blocking vehicle traffic in the road. When he saw Officer Parisi's police vehicle, Individual 1 walked out of the road toward the other two individuals. The three men continued to argue loudly.

3. Officer Parisi parked his vehicle next to the three men and immediately recognized HARLEY as one of the two men with whom Individual 1 was arguing. When Officer Parisi exited his vehicle, he observed HARLEY place his hand over a bulge in his waistband. Officer Parisi approached HARLEY, who was holding a dog on a leash, at which time HARLEY walked away quickly. Officer Parisi ordered HARLEY to stop several times, but HARLEY continued to walk away, and continued to cover the bulge in his waistband. HARLEY ultimately dropped the leash and began to run while keeping his hand at his waistband. Officer Parisi chased HARLEY, who jumped over a fence into the backyard of a nearby home.

4. Shortly thereafter, officers from the Neptune City, Neptune Township, and Asbury Park Police Departments arrived to assist and set up a perimeter around the area where HARLEY had last been seen. A short time later, officers located HARLEY and took him into custody approximately one block from the apartment complex where Officer Parisi had observed him.

5. Thereafter, officers, with the assistance of a police canine, searched for a weapon in the area where Officer Parisi had chased HARLEY. Officers located a Glock 26 9mm pistol, bearing serial number LHF227 ("Firearm"), and a magazine capable of holding 31 rounds of ammunition in the front yard of a

nearby house located on the street where HARLEY had been taken into custody. (Officers found the Firearm and magazine separate from each other but within the same yard.) Officers recovered the Firearm and magazine approximately 75 feet from the location of HARLEY's arrest.

6.   Upon further examination, law enforcement determined that the Firearm had been altered by the installation of a conversion switch, which caused it to operate exclusively in a fully automatic mode. That is, the Firearm fires multiple rounds of ammunition with one operation of the trigger. The Firearm was not manufactured in the State of New Jersey and therefore moved in interstate commerce before February 8, 2020.

7.   After his arrest, HARLEY engaged in several recorded telephone conversations about the Firearm from the Monmouth County Correctional Institution. During one call, HARLEY admitted that he did possess the Firearm and that it was his. HARLEY also described the Firearm as a machinegun. In another call, HARLEY admitted that he had separated the magazine from the Firearm before his arrest.

8.   On or about February 7, 2014, HARLEY was convicted in the Superior Court of New Jersey, Hudson County, of Aggravated Assault, in violation of N.J.S.A. 2C:12-1B(1), a crime punishable by imprisonment for a term exceeding one year. HARLEY was sentenced to a term of imprisonment of three years.